UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHAD S.,[1] | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:20-cv-02349-MJD-JMS |
| | ) |
| LELAND DUDEK,[2] | ) |
| Acting Commissioner of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR ATTORNEY FEES**

This matter is before the Court on Plaintiff's Attorney's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. Section 406(b). [Dkt. 26.] For the reasons set forth below, the motion is **GRANTED**.

**I. Background**

On September 9, 2020, Plaintiff filed a complaint seeking to reverse the decision of the Commissioner of Social Security denying his application for Social Security benefits. [Dkt. 1.] On July 28, 2021, the Court[3] ruled in favor of Plaintiff and entered judgment reversing and

---

[1] In an effort to protect the privacy interests of claimants for Social Security benefits, the Southern District of Indiana has adopted the recommendations put forth by the Court Administration and Case Management Committee of the Administrative Office of the United States Courts regarding the practice of using only the first name and last initial of any non-government parties in Social Security opinions. The Undersigned has elected to implement that practice in this Order.

[2] Leland Dudek became the Acting Commissioner of Social Security in February 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland Dudek should be substituted for Michelle King as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 405(g) of the Social Security Act, 42 U.S.C. § 405(g).

[3] This ruling was made by then Magistrate Judge Matthew P. Brookman, to whom the case had been referred pursuant to the parties' consent. [Dkt. 9.] Because Judge Brookman has since become a District

remanding the case to the Social Security Administration (the "Administration") for further proceedings. [Dkt. 20; Dkt. 21.] Plaintiff received an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), in the amount of $6,082.00, which was paid to Plaintiff's counsel. [Dkt. 26 at 2.]

On remand, the Commissioner issued a favorable decision. [Dkt. 26 at 1.] The Notice of Change in Benefits form provided with the instant motion shows that Plaintiff was paid $106,797.07 and that an additional $36,946.00 was withheld. [Dkt. 26-1 at 1-2.] Plaintiff's counsel initially requested an award of $30,864.00—the entire $36,946.00 withheld offset by the previously paid $6,082.00 EAJA award. [Dkt. 26.]

On February 18, 2025, the Court explained that a total award of $36,946.00 appeared to exceed the statutory maximum fee award of 25% of the total past-due benefits. [Dkt. 28.] If $36,946.00 were indeed 25% of Plaintiff's total past-due benefits, then Plaintiff's total past-due benefits would equal $147,784.00. Absent additional explanation, Plaintiff should have been paid at least 75% of $147,784.00, which is $110,838.00. Instead, Plaintiff received $106,797.07—$4,040.93 less than that amount. While the Change in Benefits form explained that the Administration "**usually** withhold[s] 25 percent of past due benefits in order to pay the approved representative's fee," the form did not state what percentage was withheld in this instance. [Dkt. 26-1 at 2 (emphasis added).] Moreover, the form only mentioned one deduction: $349.40 for past-due Medicare premiums. *Id.* at 1.

---

Judge, this case has been reassigned to the Undersigned.  The order referring the case to then Magistrate Judge Brookman provides: "Should this case be reassigned to another magistrate judge, any attorney or party of record may object within 30 days of such reassignment. If no objection is filed, the consent will remain in effect."  *Id.*  No objection has been filed.

2

The Court thus ordered Plaintiff's counsel to explain the discrepancy. [Dkt. 28.] Plaintiff's counsel notified the Court on February 26, 2025, that "there is no reason to believe the notice showing the 25% withholding is incorrect" and that she was unable to obtain any information from Defendant in explanation. [Dkt. 29.] Notwithstanding, Plaintiff's counsel reduced her requested award to $29,853.47—$35,935.77[4] offset by the $6,082.00 EAJA award. *Id.* at 2.

## II. Legal Standard

Section 406(b) of the Social Security Act provides that a district court may grant "a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled" as part of a judgment in favor of the claimant in a disability benefit appeal. 42 U.S.C. § 406(b)(1)(A). The Court must review the outcome of any contingent fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

## III. Discussion

As noted above, Plaintiff's counsel seeks an award of attorney fees in the amount of $35,935.77, of which $6,082.00 is requested to be disbursed to Plaintiff by Defendant. The Commissioner has not filed a response arguing this amount is unreasonable.

The contingency fee agreement between Plaintiff and his counsel entitled counsel to seek fees up to 25% of the total past-due benefits. [Dkt. 26-2.] The Supreme Court in *Gisbrecht* found that section 406(b) was designed "to control, not to displace, fee agreements between Social Security benefits claimants and their counsel." 535 U.S. at 793. That said, the Court may not

---

[4] As the Court determined in its previous order, [Dkt. 28], $35,935.77 is approximately equal to 25% of the sum of $106,797.07 and $36,946.00 (the total amount of past-due benefits calculable from the materials submitted to the Court).

3

simply rubberstamp any fee request that is consistent with the contingency fee agreement. Rather, the Court is tasked with ensuring that the amount of fees awarded is reasonable. In making this reasonableness determination, *Gisbrecht* instructs district courts to consider such factors as: (1) the quality of the representation; (2) the results achieved; (3) any delay caused by the attorney that results in the accumulation of benefits during the pendency of the case in court; and (4) whether the benefits are large in comparison to the time the attorney spent on the case, in which case a "downward adjustment" is appropriate to avoid a windfall for counsel. *Id.* at 808.

The requested fee award of $35,935.77 in this case would equate to awarding Plaintiff's counsel approximately $1,189.93 for each of the 30.2 attorney hours that were spent on this case in this court. [Dkt. 26-3.] For over a decade, "'[w]ithin the Seventh Circuit, fee awards equivalent to hourly rates ranging from $400 to $600 [have] consistently [been] found to be reasonable.'" *Bradley L. v. Kijakazi*, 2021 WL 3931167, at *3 (S.D. Ind. Sept. 2, 2021) (quoting *Taylor v. Berryhill*, 2018 WL 4932042, at *2 (S.D. Ind. Oct. 10, 2018)); *see also Zimmerman v. Astrue*, No. 1:08-cv-00228, 2011 WL 5980086, at *3 (N.D. Ind. Nov. 29, 2011) (approving an award equivalent to an hourly rate of $410); *Duke v. Astrue*, No. 1:07-cv-00118, 2010 WL 3522572, at *3-4 (N.D. Ind. Aug. 30, 2010) (approving award equivalent to an hourly rate of $549.14); *Schimpf v. Astrue*, No. 1:06-cv-00018, 2008 WL 4614658, at *3 (N.D. Ind. Oct. 16, 2008) (approving award equivalent to an hourly rate of $583.50). However, awards representing significantly higher equivalent hourly rates have also been made. *See Janet H. v. Saul*, No. 1:19-cv-939 (S.D. Ind. Nov. 25, 2020) (equivalent hourly rate of $3,333.00);[5] *McPeters v. Saul*, No.

---

[5] The Court notes that in the *Janet H.* case, the attorney requested only $10,000.00, even though 25% of the past due benefits awarded totaled $26,612.75. *See Janet H. v. Saul*, 2020 WL 6946471, at *2 (S.D. Ind. Nov. 25, 2020).

4:17-cv-41 (N.D. Ind. May 15, 2020) (equivalent hourly rate of $1,522.14); *Kirby v. Berryhill*, No. 14-cv-5936 (N.D. Il. Nov. 29, 2017) (equivalent hourly rate of $1,612.28); *Parker v. Saul*, No, 1:16-cv-437 (N.D. Ind. Oct. 13, 2020) (equivalent hourly rate of $1,409.47); *Heise v. Colvin*, No. 14-cv-739 (W.D. Wis. Dec. 15, 2016) (equivalent hourly rate of just over $1,100); *Zenner v. Saul*, No. 4:16-cv-51 (N.D. Ind. Apr. 8, 2020) (equivalent hourly rate of $1,167.28); *Baughman v. Saul*, No. 1:17-cv-175 (N.D. Ind. July 6, 2021) (equivalent hourly rate of $1,269.27).

The Court, in its discretion, determines that the awarding Plaintiff's counsel $35,935.77 in fees in this case would not result in a windfall to counsel. The imputed hourly rate of approximately $1,189.93 falls within the range of hourly fees courts within the Seventh Circuit have approved as reasonable given the contingency nature of SSA cases and counsel's efficiency. Further, "if a claimant's success on appeal can be attributed to his attorney's endeavors before the district court, then that attorney should reap the benefit of his work—even if he managed to accomplish a great deal in a small window of time." *Hughes v. Comm'r of Soc. Sec.*, 2019 WL 2408035, at *3 (N.D. Ind. May 30, 2019).

Although Plaintiff's counsel asks that the Court offset an award by the amount already paid in EAJA fees, this is not in accordance with Social Security Administration policy and standard practice. Accordingly, the Court **AWARDS** Plaintiff's counsel the full $35,935.77 and **ORDERS** counsel to refund to Plaintiff the $6,082.00 previously paid to counsel in EAJA fees **within thirty days** of the receipt of the funds from the Commissioner. The **Commissioner is directed** to remit to Plaintiff the $1,010.23 difference between the $36,946.00 previously withheld and the $35,935.77 awarded.

## IV. Conclusion

For the reasons set forth above, the Court **GRANTS** Plaintiff's Counsel's Motion for Authorization of Attorney Fees Pursuant to 42 U.S.C. Section 406(b), [Dkt. 26], as amended, and awards fees in the amount of $35,935.77 to be paid directly to Plaintiff's counsel by the Commissioner out of Plaintiff's past-due benefits in accordance with agency policy. Plaintiff's counsel is **ORDERED** to refund to Plaintiff the $6,082.00 in EAJA fees previously paid to counsel **within thirty days** of the receipt of the funds from the Commissioner.

SO ORDERED.

Dated: 5 MAR 2025

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system